**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**CHRISTOPHER M. JENSEN,**              **CASE NO:  4:15-CV-146-RH-CAS**

   **Plaintiff,**

**v.**

**LEON COUNTY, FLORIDA, a political subdivision of the State of Florida, SENTINEL OFFENDER SERVICES, LLC, a California limited liability company, WANDA HUNTER-DONALDSON, EDUARD RODRIGUEZ, individually and as employees of LEON COUNTY, FLORIDA,**

   **Defendants.**

_____/

## FIRST AMENDED COMPLAINT

Plaintiff, CHRISTOPHER M. JENSEN (hereinafter "Jensen" or "Plaintiff"), by and through undersigned counsel, brings this first amended complaint against Defendants, LEON COUNTY, FLORIDA, SENTINEL OFFENDER SERVICES, LLC, WANDA HUNTER-DONALDSON, and EDUARD RODRIGUEZ, individually, and as employees of LEON COUNTY, FLORIDA and in support thereof, states as follows:

**I.      INTRODUCTION, JURISDICTION AND VENUE**

1.      This Court has jurisdiction under 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, and/or treaties of the United States; 28 U.S.C. § 1337, as this is a civil action or proceeding arising under an Act of Congress regulating commerce and/or protecting trade and commerce against restraints and monopolies; and 28 U.S.C. § 1343, as this is a civil action seeking to redress deprivation, under color of any State law, statute, ordinance, regulation, custom and/or usage, of a right, privilege or immunity secured by the Constitution of the United

1

States and/or by an Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

2.      Plaintiff's claims for relief are predicated, in part, upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Constitution and laws of the United States, and upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions pursuant to 42 U.S.C. § 1983.

3.      Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367, to consider the state law claims alleged herein.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1391(c), as one or more Defendants live or do business in this judicial district.

5.      Plaintiff served a claim under §768.28, Florida Statutes on Defendant Leon County on August 12, 2014.

6.      On January 8, 2015, Defendant Leon County mailed Plaintiff a letter denying the claim.

7.      All conditions precedent to this lawsuit have been performed or waived.

## II.    PARTIES

8.      Plaintiff is, and all times relevant hereto, was a citizen of the United States, and a resident of the State of Florida.  During all times relevant to this action, Plaintiff has been a resident of Leon, Jefferson, and Wakulla Counties, Florida.

9.      At all times material hereto, Defendant LEON COUNTY, was a political subdivision of the State of Florida, and responsible for the operation of the Leon County Office

of Intervention and Detention Alternatives, who is responsible for the Leon County Pretrial Release Program (collectively referred to as "Defendant Leon County").

10.     At all times material hereto, Defendant, SENTINEL OFFENDER SERVICES, LLC, (hereinafter "Defendant Sentinel") was a limited liability company organized under the laws of the State of California, and doing business in Leon County, Florida under a contract with Leon County to monitor, control, maintain, and provide Global Positioning System ("GPS") monitoring of accused and convicted persons under court order to be supervised by Leon County with GPS ankle monitors.

11.     At all times material hereto, Defendant Sentinel acted pursuant to its contract with Defendant Leon County and under color of law for purposes of 42 U.S.C. § 1983.

12.     At all times material hereto, Defendant, WANDA HUNTER-DONALDSON (hereinafter "Defendant Hunter-Donaldson"), was the Director of the Leon County Office of Intervention and Detention Alternatives and was responsible for all aspects of Sentinel's contract with Leon County.

13.     At all times material hereto, Defendant, EDUARD RODRIGUEZ (hereinafter "Defendant Rodriguez"), was employed by the Leon County Office of Intervention and Detention Alternatives, and supervised the work performed by employees of Defendant Sentinel pursuant to Defendant Sentinel's contract with Defendant Leon County.

14.     The above named individuals, collectively referred to as the "Individual Defendants" acted within the scope of their employment with Defendant Leon County and under color of law for purposes of 42 U.S.C. § 1983.

### III.   ALLEGATIONS AS TO LEON COUNTY'S RELATIONSHIP WITH SENTINEL

15.    Pursuant to its contract with Leon County, Sentinel began providing GPS monitoring for Leon County and was responsible for providing and maintaining GPS monitoring services.

16.    Defendant Wanda Hunter-Donaldson approved the contract with Sentinel.

17.     Defendants Hunter-Donaldson, Rodriguez, Leon County and Sentinel knew, and have known for years, that Sentinel's GPS equipment was faulty, out-of-date, and failed to accurately monitor individuals released on pretrial GPS supervision.

18.    Despite this knowledge, Defendant Hunter-Donaldson and Leon County continued to use Defendant Sentinel's equipment and services for GPS monitoring of defendants on pretrial release and probation.

### IV.   ALLEGATIONS REGARDING PLAINTIFF'S GPS SUPERVISION

19.    On or about July 4, 2012, Plaintiff was arrested for violating the terms of his release in Leon County Case No. 2012MM1386.  On or about July 25, 2012, Plaintiff was reinstated to bond with the additional condition that he wear an active GPS monitoring through Defendant Leon County which was provided by Defendant Sentinel according to its contract with Defendant Leon County.

20.    From July 25, 2012 through April 4, 2013, Plaintiff was monitored by Defendant Sentinel on behalf of Defendant Leon County.

21.    On March 11, 2013 the Plaintiff was placed on a period of probation for one-count of aggravated stalking in Case No. 2012CF2167.  Plaintiff was still facing a charge of violation of an injunction for protection against domestic violence in Leon County case number 2012MM1386, for which he was being supervised by the Defendant Leon County and Defendant

4

Sentinel with active GPS monitoring.  There were a multitude of areas he was not permitted to travel due to "exclusion zones" being established by the alleged victim and according to the terms of an injunction.

22.     After the termination of Plaintiff's pretrial release supervision, Leon County and Sentinel provided the State of Florida, Office of the State Attorney with documents showing Plaintiff's purported whereabouts while on pretrial release supervision.

23.     As a result of providing this information, and while knowing the GPS equipment was faulty, Defendants caused the Plaintiff to be incarcerated in the Wakulla County Jail from April 22, 2013 until August 20, 2013, and then in the Leon County Jail from August 20, 2013 until December 17, 2013.

24.     In addition to being incarcerated on a violation of probation based on the false data provided by Sentinel in Leon County Case No. 2012CF2167, the State also filed a charge of Aggravated Stalking in Leon County Case No. 2013CF3226 on October 9, 2013 based solely on the false data provided by Sentinel.

25.     The Plaintiff was arrested for allegedly violating the injunction by driving by a school listed in the injunction in Wakulla County.  Plaintiff's then-counsel secured a subpoena duces tecum directed to Sentinel for all of the GPS logs of the Plaintiff.  Sentinel produced some 300 pages of documents, including a GPS coordinate log for April 4, 2013.  Such logs were not produced for any other day.

26.     Since the dates of the alleged violations of the exclusion zones did not correspond to dates GPS logs had been produced, Plaintiff's counsel and the Assistant State Attorney embarked on a journey to obtain the GPS coordinate logs for the dates/times the Plaintiff was alleged to have violated the exclusion zones.

27. After significant difficulty, lack of cooperation from Defendant Leon County, and the run-around from Defendant Sentinel, Defendant Sentinel finally produced GPS logs for eight of the twenty alleged violations.

28. A comparison of the records produced by Defendant Sentinel in August 2013 with those produced on November 20, 2013, established that the Plaintiff could not have violated the exclusion zones for those dates.  Such a result also raised significant concerns over the validity of the other "alerts" which lead to the affidavit of violation of probation and new aggravated stalking charges.

29. After an independent investigation by both counsel for the Plaintiff and the Office of the State Attorney, the violation of probation and new charges were dismissed because it was established that the data provided by Defendant Sentinel was unreliable.  Further, but for the false data obtained from the faulty GPS equipment, there would not have been probable cause for the violation of probation in Case No. 2012CF2167 and the new charge in Case No. 2013CF3226.

30. As a direct and proximate result of utilizing faulty equipment provided by Defendant Sentinel, Defendant Leon County and Defendant Sentinel caused Claimant to be falsely arrested, falsely imprisoned, and maliciously prosecuted.

## COUNT I - VIOLATION OF 42 U.S.C. SECTION 1983
## (POLICY "MOVING FORCE" FOR CONSTITUTIONAL DEPRIVATION AGAINST DEFENDANT LEON COUNTY)

31. Plaintiff reasserts and re-alleges paragraphs 1 through 30 as though more fully set forth herein.

32. The Plaintiff sues Defendant Leon County for the unconstitutional actions of its agents acting pursuant to: (1) an express policy; (2) a widespread custom, practice or policy with

6

the force of law; and (3) the decision(s) of a person with final policymaking authority which are without immediate review.  The Defendant Leon County, its employees and agents, acting within their authority and under color of state law, instituted and followed departmental written policy directives and or on-the-job training, procedures and customs which directly resulted in, malicious prosecution, false arrest, false imprisonment against Plaintiff, which was the "moving force" causing his injuries and is actionable under 42 U.S.C. § 1983 as a violation of the Fourth and Fourteenth Amendments to the United States Constitution.  Alternatively, the Defendant has a widespread custom and practice of the following: (a) failing to adequately train officers on a foreseeable inaccurate GPS reports of probation violation; (b) a policy of allowing the faulty, out-of-date GPS equipment to monitor individuals released on pretrial GPS supervision; (c) failing to accurately monitor individuals released on pretrial GPS supervision; (d) a policy of raising false "alerts" resulting in probation violations and causing the arrest of suspects without probable cause; (e) a policy of causing the arrest of suspects on faulty GPS reports without investigation; (f) a policy of arresting and prosecuting suspects without probable cause; and (g) a policy of instituting "cover charges" to insulate the County from liability for misconduct.

33.     The Plaintiff sues Defendant Leon County pursuant to 42 U.S.C. Section 1983 for failing to train, supervise, and to control subordinate employees.  The Defendant Leon County, acting within the scope of its authority and under color of state law, was deliberately indifferent to training, hiring, supervising and controlling its officers to correct widespread patterns of arresting, incarcerating and prosecuting on faulty and inaccurate GPS data for probation violations, which was the moving force causing his injuries and is actionable under 42 U.S.C. Section 1983 as a violation of the Fourth and Fourteenth Amendments to the United States Constitution.

34.     The Defendant Leon County has an official policy and widespread custom and practice of: (1) authorizing, ratifying or approving the actions of subordinate employees who violate departmental policies, the laws of the United States and the State of Florida by failing to adequately and properly receive citizen complaints, investigate the complaints and then discipline, retrain, or otherwise sanction and/or remedy the improper conduct of its employees; and, (2) authorizing, ratifying or approving the actions of subordinate employees who maliciously prosecute individuals known to be innocent and who have not committed any crime.

35.     As a direct and proximate result of the willful and deliberate actions or inactions of Defendant Leon County in violation of 42 U.S.C. Section 1983, which was the moving force for the malicious prosecution, false arrest, false imprisonment and injuries suffered by Plaintiff, and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

36.     Additionally, by failing to take action, discipline Defendant Sentinel and individual Defendants while Plaintiff had been the subject to the malicious prosecution, false arrest, false imprisonment and injuries, Defendant Leon County has ratified Defendant Sentinel and the individual Defendants' decisions and their reasons for their decisions, thus constituting a policy, custom or practice.  Alternatively, the individual Defendants were the ultimate policymakers for Defendant Leon County as their decisions were not immediately or effectively reviewable.

37.     Furthermore, as a direct and proximate result of the conduct of Defendant Leon County, Plaintiff suffered loss of liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, loss of earnings, loss of capacity for the enjoyment of life, medical care and treatment.  Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

38.     The actions or inactions alleged above were undertaken or failed to be undertaken because of the Defendant Leon County's willful, wanton, callous and knowing disregard of the clearly established rights of Plaintiff as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

39.     Plaintiff has been forced to retain counsel to represent him to vindicate his rights pursuant to 42 U.S.C. § 1988.  Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands trial by jury, judgment against Defendant Leon County for all general and compensatory damages, medical and incidental expenses, together with prejudgment and post-judgment interest, costs of suit and an award of reasonable attorney's fees pursuant to 42 U.S.C. Section 1988 and for such other and further relief as the court may deem proper.

### COUNT II - VIOLATION OF 42 U.S.C. SECTION 1983 (FALSE ARREST/FALSE IMPRISONMENT AGAINST DEFENDANT LEON COUNTY)

40.     Plaintiff reasserts and re-alleges paragraphs 1 through 30 as though more fully set forth herein.

41.     At all times relevant herein Defendants Hunter-Donaldson and Rodriguez were agents or employees of the Leon County and were acting within their scope of authority and under color of state law.

42.     Defendant Leon County provided the State of Florida, Office of the State Attorney, with inaccurate information about Plaintiff's purported whereabouts while on pretrial release supervision which resulted in Plaintiff's incarceration for violation of probation and also prosecution for Aggravated Stalking in Leon County Case No. 2013CF3226.

43.     Plaintiff's arrest and incarceration in the Wakulla County Jail from April 22, 2013 until August 20, 2013 and then in the Leon County Jail from August 20, 2013 until December 18, 2013, violated Plaintiff's rights under the Fourth Amendment of the United States Constitution.

44.     Defendant Leon County violated Plaintiff's Fourth Amendment rights by causing his incarceration in jail, by encouraging and causing false criminal charges filed against him and by actively encouraging and participating in the wrongful prosecution of Plaintiff.

45.     As a direct and proximate result of the willful and deliberate actions or inactions of the Defendant Leon County, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

46.     Furthermore, Plaintiff has suffered bodily injury and resulting pain and suffering, mental anguish, loss of earnings, loss of capacity for the enjoyment of life, and expense of hospitalization, medical care and treatment.  Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

47.     The actions or inactions alleged above were undertaken or failed to be undertaken because of the Defendant Leon County's willful, wanton, callous and knowing disregard of the clearly established rights of Plaintiff as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

48.     Plaintiff has been forced to retain counsel to represent him to vindicate his rights pursuant to 72 U.S.C. § 1988.  Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands trial by jury, judgment against Defendant Leon County for all general and compensatory damages, medical and incidental expenses, together with

prejudgment and post-judgment interest, costs of suit and an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and for such other and further relief as the court may deem proper.

## COUNT III - VIOLATION OF 42 U.S.C. SECTION 1983
## (FALSE ARREST/FALSE IMPRISONMENT AGAINST DEFENDANT SENTINEL)

49.     Plaintiff reasserts and re-alleges paragraphs 1 through 30 as though more fully set forth herein.

50.     Defendant Sentinel provided the State of Florida, Office of the State Attorney, with inaccurate information about Plaintiff's purported whereabouts while on pretrial release supervision which resulted in Plaintiff's incarceration for violation of probation and also prosecution for Aggravated Stalking in Leon County Case No. 2013CF3226.

51.     Plaintiff's arrest and incarceration in the Wakulla County Jail from April 22, 2013 until August 20, 2013 and then in the Leon County Jail from August 20, 2013 until December 18, 2013, violated Plaintiff's rights under the Fourth Amendment of the United States Constitution.

52.     Defendant Sentinel violated Plaintiff's Fourth Amendment rights by causing his incarceration in jail, by encouraging and causing false criminal charges filed against him and by actively encouraging and participating in the wrongful prosecution of Plaintiff.

53.     As a direct and proximate result of the willful and deliberate actions or inactions of the Defendant Sentinel, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

54.     Furthermore, Plaintiff has suffered bodily injury and resulting pain and suffering, mental anguish, loss of earnings, loss of capacity for the enjoyment of life, and expense of hospitalization, medical care and treatment.  Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

55.     The actions or inactions alleged above were undertaken or failed to be undertaken because of Defendant Sentinel's willful, wanton, callous and knowing disregard of the clearly established rights of Plaintiff as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

56.     Plaintiff has been forced to retain counsel to represent him to vindicate his rights pursuant to 72 U.S.C. § 1988.  Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands trial by jury, judgment against Defendant Sentinel for all general and compensatory damages, medical and incidental expenses, together with prejudgment and post-judgment interest, costs of suit and an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and for such other and further relief as the court may deem proper.

## COUNT IV - VIOLATION OF 42 U.S.C. SECTION 1983
## (FALSE ARREST/FALSE IMPRISONMENT AGAINST INDIVIDUAL DEFENDANTS)

57.     Plaintiff reasserts and re-alleges paragraphs 1 through 30 as though more fully set forth herein.

58.     The Plaintiff sues the individual Defendants Hunter-Donaldson and Rodriguez in their individual capacity while acting within their scope of authority and under color of state law, engaged in conduct that caused the Plaintiff's false arrest and deprived him of his right to be free from false arrest/false imprisonment, which was the moving force causing his injuries and is actionable under 42 U.S.C. §1983 as a violation of the Fourth and Fourteenth Amendments to the United States Constitution.  At all times material hereto, Defendants Hunter-Donaldson and Rodriguez acted with deliberate indifference to Plaintiff's constitutional rights.

59.     As a direct and proximate result of the willful and deliberate actions or inactions of the Defendants Hunter-Donaldson and Rodriguez, Plaintiff has suffered grievously, has been

brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

60.     Furthermore, Plaintiff has suffered bodily injury and resulting pain and suffering, mental anguish, loss of earnings, loss of capacity for the enjoyment of life, and expense of hospitalization, medical care and treatment.  Plaintiff's losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

61.     The actions or inactions alleged above were undertaken or failed to be undertaken because of the Defendant Hunter-Donaldon's and Defendant Rodriguez's willful, wanton, callous and knowing disregard of the clearly established rights of Plaintiff as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

62.     Plaintiff has been forced to retain counsel to represent him to vindicate his rights pursuant to 72 U.S.C. § 1988.  Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands trial by jury, judgment against Defendants Hunter-Donaldson and Rodriguez for all general and compensatory damages, Judgment for Punitive damages against the individual officers, medical and incidental expenses, together with prejudgment and post-judgment interest, costs of suit and an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and for such other and further relief as the court may deem proper.

## COUNT V - STATE LAW CLAIM FOR FALSE IMPRISONMENT
## (AGAINST DEFENDANT LEON COUNTY)

63.     Plaintiff reasserts and re-alleges paragraphs 1 through 30 as though more fully set forth herein.

64.     The Plaintiff sues Defendant Leon County, acting through its employees and agents, for false arrest and/or false imprisonment by holding Plaintiff against his will or causing

Plaintiff's false arrest and/or false imprisonment.  Pursuant to section 768.28(9)(a), Florida Statutes, Defendant Leon County is liable to Plaintiff in tort for false arrest/false imprisonment, based upon the conduct of its employees and agents.

65.     The conduct of Defendant Leon County, Defendant Sentinel, and the individual Defendants proximately caused Plaintiff's arrest without probable cause, and in the absence of lawful authority.   The conduct of Defendant Leon County constitutes false arrest/false imprisonment.

66.     As a direct and proximate result of the acts described herein, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

67.     As a further direct and proximate result of the conduct described above, Plaintiff suffered loss of his liberty and freedom, loss of personal property, bodily injury and resulting pain and suffering,  mental anguish, loss of capacity for the enjoyment of life, medical expenses, care and treatment, loss of earnings, loss of ability to earn money.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's rights and incurred the expense of hiring an attorney to represent him.

WHEREFORE, the Plaintiff demands Judgment against Defendant Leon County in excess of Seventy Five Thousand ($75,000.00) Dollars, together with prejudgment and post-judgment interest, costs of suit incurred in connection with this action, and for such other and further relief as the court may deem proper.

### COUNT VI - MALICIOUS PROSECUTION
### (AGAINST DEFENDANT LEON COUNTY)

68.     Plaintiff reasserts and re-alleges paragraphs 1 through 30 as though more fully set forth herein.

14

69.     Defendant Leon County owed a duty of care to the citizenry in general, and specifically in this case, owed a duty of care to Plaintiff.

70.     Defendant Leon County encouraged and participated in the prosecution of the Plaintiff without probable cause and the facts known to Defendant Leon County and its employees would not have warranted a reasonable person to believe that Plaintiff had committed any criminal offense.

71.     There was absence of probable cause to arrest and prosecute Plaintiff and for the continued prosecution against Plaintiff.

72.     The prosecution against Plaintiff stemming from his arrest was terminated in favor of Plaintiff.  The termination of the prosecution constituted a bona fide determination in favor of Plaintiff, that there was an absence of probable cause for the prosecution and continued prosecution against Plaintiff.

73.     Defendant Leon County acted maliciously and in bad faith against the Plaintiff at all times mentioned herein.  No prosecution of Plaintiff would have occurred but for the actions of Defendant Leon County.

74.     As a direct result of Defendant Leon County's actions, Plaintiff has suffered damages, which include physical inconvenience, physical discomfort and pain, loss of time, loss of income, loss of his business, mental suffering, embarrassment, humiliation, disgrace and injury to his feelings and reputation, the emotional and physical aspects, which are continuing to this day and are likely to continue into the future.  Plaintiff also suffered damages as the result of his being forced to hire counsel and incur attorneys' fees and costs to defend the prosecution.

WHEREFORE, Plaintiff demands trial by jury, judgment against Defendant Leon County in excess of Seventy Five Thousand ($75,000.00) Dollars for all general and compensatory

damages, medical and incidental expenses, together with prejudgment and post-judgment interest, costs of suit incurred in connection with this action, and for such other and further relief as the court may deem proper.

**COUNT VII - STATE LAW CLAIM FOR NEGLIGENCE**
**(AGAINST DEFENDANT LEON COUNTY)**

75.     Plaintiff reasserts and re-alleges paragraphs 1 through 30 as though more fully set forth herein.

76.     This is a cause of action under the common law of the State of Florida for negligence.  Such claims arise from a common nucleus of operative facts with violation(s) of 42 U.S.C. § 1983 as set forth above.

77.     Defendant Hunter-Donaldson was negligent in recommending Leon County's approval of the contract with Sentinel, despite the knowledge that Sentinel's GPS equipment was faulty, out-of-date, and failed to accurately monitor individuals released on pretrial and probation GPS supervision.

78.     Defendant Leon County owed a duty to persons supervised by Sentinel's GPS equipment that Sentinel's GPS equipment was accurate and reliable.

79.     Defendant Leon County, subsequent to the termination of Plaintiff's pretrial release supervision, was negligent in providing the State of Florida, Office of the State Attorney, as well as prior counsel for the Plaintiff with documents showing Plaintiff's purported whereabouts while on pretrial release supervision.   At the time this information was provided to the Office of the State Attorney, Defendant Leon County knew that the GPS equipment was faulty and provided false information.

80.     As a result of providing this false information, and while knowing the GPS equipment was faulty, Plaintiff was wrongfully incarcerated in the Wakulla County Jail and then

in the Leon County Jail.  In addition to be incarcerated on a violation of probation in Leon County, and based solely on the data provided by Leon County and Sentinel, the State also filed a charge of Aggravated Stalking against Plaintiff.

81.     As a direct and proximate result of Defendant Leon County's negligence, Plaintiff sustained personal injury and mental anguish, lost enjoyment of life, has incurred medical expenses and lost earnings, aggravation of a previously existing condition, has scarring, disfigurement and morbidity, and these conditions are permanent or continuing in nature.  The Plaintiff will incur future medical bills and expenses, and will have impaired future earnings.

WHEREFORE, Plaintiff demands trial by jury, judgment against Defendant Leon County in excess of Seventy Five Thousand ($75,000.00) Dollars for all general and compensatory damages, medical and incidental expenses, together with prejudgment and post-judgment interest and costs, and such other relief as this Court deems just and proper.

### COUNT VIII - STATE LAW CLAIM FOR NEGLIGENCE (AGAINST DEFENDANT SENTINEL)

82.     Plaintiff reasserts and re-alleges paragraphs 1 through 30 as though more fully set forth herein.

83.     This is a cause of action under the common law of the State of Florida for negligence.  Such claims arise from a common nucleus of operative facts with violation(s) of 42 U.S.C. § 1983 as set forth above.

84.     Defendant Sentinel owed a duty to persons supervised by its GPS equipment and to Defendant Leon County to provide equipment to Defendant Leon County which was accurate and reliable.

85.     Defendant Sentinel knew its GPS equipment was faulty, out-of-date, and failed to accurately monitor individuals released on pretrial and probation GPS supervision and despite this knowledge, continue to provide such equipment to Defendant Leon County.

86.     Defendant Sentinel has refused to replace the faulty GPS equipment it provided to Leon County because Defendant Sentinel does not collect enough money in fees from the individuals in monitors.

87.     Defendant Sentinel, subsequent to the termination of Plaintiff's pretrial release supervision, was negligent in providing the State of Florida, Office of the State Attorney, as well as prior counsel for the Plaintiff with documents showing Plaintiff's purported whereabouts while on pretrial release supervision.   At the time this information was provided to the Office of the State Attorney, Defendant Sentinel knew that the GPS equipment was faulty and provided false information.

88.     As a result of providing this false information, Defendant Sentinel caused Plaintiff's incarceration in the Wakulla County Jail and then in the Leon County Jail.  In addition to be incarcerated on a violation of probation in Leon County, and based solely on the data provided by Leon County and Sentinel, the State also filed a charge of Aggravated Stalking against Plaintiff.

89.     As a direct and proximate result of Defendant Sentinel's negligence, Plaintiff sustained personal injury and mental anguish, lost enjoyment of life, has incurred medical expenses and lost earnings, aggravation of a previously existing condition, has scarring, disfigurement and morbidity, and these conditions are permanent or continuing in nature.  The Plaintiff will incur future medical bills and expenses, and will have impaired future earnings.

WHEREFORE, Plaintiff demands trial by jury, judgment against Defendant Sentinel in excess of Seventy Five Thousand ($75,000.00) Dollars for all general and compensatory damages, medical and incidental expenses, together with prejudgment and post-judgment interest and costs, and such other relief as this Court deems just and proper.

## COUNT IX - STATE LAW CLAIM FOR BATTERY
## (AGAINST DEFENDANT LEON COUNTY)

90.     Plaintiff reasserts and re-alleges paragraphs 1 through 30 as though more fully set forth herein.

91.     This is a cause of action arise from a common nucleus of operative facts with violation(s) of 42 U.S.C. § 1983 as set forth above.

92.     The conduct of Defendant Leon County through its employees or agents constituted a harmful and/or offensive, non-consensual physical contact on the person of Plaintiff.  Specifically, Plaintiff was incarcerated in the Wakulla County Jail and then in the Leon County Jail all against Plaintiff's will and without his consent.

93.     Plaintiff has a clear legal right to bodily privacy and to be secure in his person against illegal seizures.

94.     Defendant Leon County knew that there was no legal basis to touch Plaintiff or to incarcerate Plaintiff against his will.

95.     As a direct and proximate result of the batteries alleged above, Plaintiff suffered bodily injury resulting in pain and suffering, significant mental anguish, loss of capacity of the enjoyment of life, and medical care and treatment.  His injuries are permanent and/or continuing in nature and he will continue to suffer such losses in the future.

WHEREFORE, Plaintiff demands trial by jury, judgment against Defendant Leon County in excess of Seventy Five Thousand ($75,000.00) Dollars for all general and compensatory

damages, medical and incidental expenses, together with prejudgment and post-judgment interest, costs of suit incurred in connection with this action, and for such other and further relief as the court may deem proper.

### COUNT X - STATE CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (AGAINST INDIVIDUAL DEFENDANTS AND DEFENDANT LEON COUNTY)

96.     Plaintiff reasserts and re-alleges paragraphs 1 through 30 as though more fully set forth herein.

97.     Defendant, Leon County through its employees or agents, intentionally, unlawfully and without justification negligently inflicted and caused Plaintiff to suffer emotional distress.

98.     Plaintiff was incarcerated in the Wakulla County Jail and then in the Leon County Jail.  In addition to be incarcerated for violation of probation, and based solely on the data provided by Defendant Leon County, the State also filed a charge of Aggravated Stalking against Plaintiff.  After an independent investigation the violation of probation and new charges were dismissed because it was established that the data provided by Sentinel was unreliable.  Further, but for the false data obtained from the faulty GPS equipment, there would not have been probable cause for Plaintiff's arrest and charge of Aggravated Stalking.

99.     As the outrageous acts, omissions and conduct of the Individual Defendants and Defendant Leon County, Plaintiff has suffered injuries caused by the psychological trauma including difficulty extreme emotional distress, mental anguish, anxiety and physical injury.

WHEREFORE, Plaintiff demands trial by jury, judgment against the Individual Defendants and Defendant Leon County in excess of Seventy Five Thousand ($75,000.00) Dollars for all general and compensatory damages, medical and incidental expenses, together

with prejudgment and post-judgment interest, costs of suit incurred in connection with this action, and for such other and further relief as the court may deem proper.

## V.    PRAYER OF RELIEF

WHEREFORE, the Plaintiff respectfully prays this Court will award the following relief, and any and all other relief deemed appropriate:

A.    Judgment for compensatory damages for physical injuries, past and present pain and suffering, past and present mental and emotional distress, past and future medical expenses, past and present humiliation and degradation;

B.    Judgment for Punitive damages against the individual Defendants;

C.    An award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, as to those counts alleging federal claims to which attorney's fees are recoverable; and

D.    Any other equitable and legal relief which the court deems appropriate.

## VI.    DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted this 6th day of April, 2015.

> Respectfully submitted,
> ZELMAN LAW
>
>
> By:    _/s/ Joshua D. Zelman
> JOSHUA D. ZELMAN
> Florida Bar No. 0662291
> 414 N. Meridian Street
> Tallahassee, Florida 32301
> (850) 254-0375 phone
> (850) 254-0376 fax
> Josh@ZelmanPA.com
> Eservice@ZelmanPA.com
> Attorneys for Plaintiff,
> Christopher M. Jensen

21